IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALLMAND BROS., Inc.,       )<br>                                           )<br>           Plaintiff,          )<br>                                           )<br>      v.                            )<br>                                           )<br>APPLIED EQUIPMENT &  )<br>ENGINEERING,               )<br>                                           )<br>           Defendant.       )<br>_____)  | 4:12CV3199<br><br><br><br><br>**MEMORANDUM<br>AND ORDER** |

   In this diversity action alleging breach of contract and unjust enrichment, I granted Plaintiff's motion for summary judgment (Filing 20) and concluded that judgment should be entered for Plaintiff and against Defendant in the amount of $141,316 plus interest at the rate of 12 percent from March 22, 2012, through the date of judgment. However, I withheld issuance of final judgment pending disposition of any motion for attorney fees. (Filing 27.) Now pending before the court is Plaintiff's application for attorney fees, which requests $6,700 in attorney fees and expenses and $403.75 in taxable costs. (Filing 30.)

   Nebraska law applies to determine whether Plaintiff is entitled to an award of attorney fees. *Schaffart v. ONEOK, Inc.*, 686 F.3d 461, 475 (8th Cir. 2012) (in diversity case, court applies choice-of-law rules of Nebraska, the forum state; under Nebraska law, attorney fees are procedural and therefore governed by law of forum state); *Johnson Intern. Co. v. Jackson Nat'l Life Ins. Co.*, 812 F. Supp. 966, 982 (D. Neb. 1993) (Nebraska law applied to determine whether plaintiff was entitled to award of attorney fees, even though another state's substantive law applied; federal district court was sitting in Nebraska and Nebraska considers its attorney fee statutes as procedural).

"'[T]he general rule in [Nebraska] is that attorney fees may be recovered only when provided by statute, or where the uniform course of procedure has been to allow recovery.'" Parkert v. Lindquist, 693 N.W.2d 529, 531 (Neb. 2005) (*quoting Quinn v. Godfather's Investments*, 348 N.W.2d 893 (Neb. 1984)). *See also* Stewart v. Bennett, 727 N.W.2d 424, 429 (Neb. 2007). I have not located, nor has Plaintiff cited, any Nebraska statute or course of procedure which would allow the recovery of attorney fees in this breach-of-contract action, especially since no one argues that the parties' claims and defenses are frivolous or brought in bad faith. *See* Lamb Eng. & Constr. Co. v. Nebraska Public Power Dist., 103 F.3d 1422, 1434 (8th Cir. 1997) ("We find no Nebraska statute which provides for recovery of attorney fees in a contract action."); Stewart, 727 N.W.2d at 430 ("By implication, in § 25–824, the Legislature has made a statement of public policy against granting attorney fees in actions that are not frivolous."); Neb. Rev. Stat. § 25-824(2) ("in any civil action commenced . . . in any court of record in this state, the court shall award as part of its judgment . . . reasonable attorney's fees . . . against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith").

Accordingly, I shall deny Plaintiff's application for attorney fees (Filing 30) and enter final judgment.

IT IS ORDERED:

1. Plaintiff's application for attorney fees (Filing 30) is denied;

2. Final judgment will be entered, by separate document, for Plaintiff and against Defendant in the amount of $141,316, plus pre-judgment interest at the rate of 12 percent from March 22, 2012, through the date of judgment and post-judgment interest calculated in accordance with 28 U.S.C. § 1961 from and after the date of judgment to the date of payment;

    3.    Regarding Plaintiff's request for costs (Filing 30), Plaintiff should file a verified bill of costs with the Clerk of Court within 30 days after the entry of judgment consistent with the requirements set forth in NECivR 54.1.

DATED this 9th day of September, 2013.

> BY THE COURT:
> *Richard G. Kopf*
> Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.